```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW HAMPSHIRE
```

United States of America

    v.                                             Criminal No.  12-cr-015-01-SM

Felix Rodriguez

## **O R D E R**

The defendant appeared for a bail revocation hearing on February 27, 2013.  The allegations in support of the claimed bail violations are more fully stated in the Report of Violation of Conditions of Release filed on February 14, 2013. Based on the alleged violations, the government requested detention.

A request to revoke bail is governed by 18 U.S.C. § 3148, which provides in part:

> The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer--
>
> (1) finds that there is-
>
>> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>>
>> (B) clear and convincing evidence that the person has violated any other condition of release; and

>    (2) finds that--
>
>        (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>
>        (B) the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3148 (b)(1)-(2).  The government has the initial burden to establish the violation under 18 U.S.C. § 3148 (b)(1). In order to satisfy the probable cause requirement of § 3148 (b)(1)(A), the facts available to the judicial officer must "'warrant a man of reasonable caution in the belief' that the defendant has committed a crime while on bail."  United States v. Aron, 904 F.2d 221, 224 (5th Cir. 1990)(citations omitted).

If the government establishes probable cause to believe the defendant committed a new "felony" offense on release, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.  18 U.S.C. § 3148(b)(2).  Otherwise, the government typically has the burden to prove by a preponderance of the evidence the requirements of

section 3148 (b)(2)(A) or (B).  <u>Aron</u>, 904 F.2d at 224;  <u>United States v. Poinsett</u>, 953 F. Supp. 37, 38 (N.D.N.Y. 1997).

In this case, the defendant stipulated to the bail violation and proceeded to the issue of conditions of release.  Based on the content of the violation report as well as the proffers and evidence presented at the hearing, and for the reasons thoroughly stated on the record, the court finds the government has established by a preponderance of the evidence that the defendant is unlikely to abide by any condition or combination of conditions of release pending his sentencing hearing on March 5, 2013.  Therefore, the conditions of release are revoked and it is **<u>ORDERED</u>** that the defendant be detained pending sentencing.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the

3

corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

    **SO ORDERED.**

                                            <u>/s/ Daniel J. Lynch</u>
                                            Daniel J. Lynch
                                            United States Magistrate Judge

Date: February 27, 2013

cc:    Terry L. Ollila, AUSA
        Jonathan Cohen, Esq.
        U.S. Marshal
        U.S. Probation

4